```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
HAN, Chuan Dong,                                           :
                                      Petitioner,          :
                                                           :
              -against-                                    :    25-CV-10753 (VSB)
                                                           :
KRISTI NOEM, in her official capacity as                   :    ORDER
Secretary, U.S. Department of Homeland                     :
Security; JUDITH ALMODOVAR, in her                         :
official capacity as Acting Field Office Director          :
of the New York Immigration and Customs                    :
Enforcement Office; AND PAMELA BONDI,                      :
in her official capacity as Attorney General,              :
U.S. Department of Justice,                                :
                                                           :
                                      Respondents.         :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On January 2, 2026 at 10:00 a.m., I held an initial telephonic conference attended by Petitioner's counsel and Respondents' counsel. At the conference, I explained that I would issue a short order conveying that the parties should address whether this case is distinguishable from the majority of cases in this District that have held that 8 U.S.C. § 1226(a), or the discretionary detention statute, applies to noncitizens currently present in the country rather than the mandatory detention statute of 8 U.S.C. § 1225(b)(1).[1] Over the last several months, the

---

[1] "[A] growing number of courts, including courts in this district, have confronted the threshold statutory interpretation question—whether the text of § 1225 mandates detention of all noncitizens who are 'applicants for admission,' including those noncitizens who are physically present in the United States and those who were initially detained and released under § 1226(a)." *Savane v. Francis*, No. 25-CV-6666, 2025 WL 2774452, at *6 (S.D.N.Y. Sept. 28, 2025). The split in this district leans heavily in favor of applying the more petitioner-friendly Section 1226(a) in circumstances where a noncitizen is detained or re-detained after already entering the country. *See, e.g.*, *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. Aug. 13, 2025); *Gonzalez v. Joyce*, No. 25-CV-08250, 2025 WL 2961626, at *4 (S.D.N.Y. Oct. 19, 2025); *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142 (S.D.N.Y. Oct. 28, 2025); *Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025); *Romero v. Francis*, No. 25-CV-8112, 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025); *Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573 (S.D.N.Y. Nov. 18, 2025); *Villegas v. Francis*, No. 25-CV-09199, 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025); *Sun v. Almodovar*, No. 25-CV-9262, 2025 WL 3241268 (S.D.N.Y. Nov. 20, 2025); *Qasemi v. Francis*, No. 25-CV-10029, 2025 WL 3654098 (S.D.N.Y. Dec. 17, 2025). While I mistakenly stated during the

overwhelming majority of decisions in this District—and in district courts across the country—have held that, as a matter of statutory construction, "§1225 applies to arriving noncitizens, and § 1226 governs the process of arresting and detaining noncitizens who have entered the United States and remained here pending their removal." *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *3, 7 (S.D.N.Y. Dec. 17, 2025). Accordingly, it is hereby ORDERED that:

The parties file a letter by no later than Tuesday, January 6, 2026, addressing the impact of this District's many cases that have applied Section 1226(a), which authorizes detention solely on discretionary, not mandatory, grounds for noncitizens who "earlier entered and are [currently] present in the United States." *Id.* at *4. The December 30, 2025 briefing schedule issued by this Court will be revised, if needed, in light of the parties' letter. (Doc. 4.)

SO ORDERED.

Dated:   January 2, 2026
         New York, New York

                                            Vernon S. Broderick
                                            United States District Judge

---

initial telephonic case conference that I have already written a decision on this issue, I am inclined to agree with the more than dozen decisions in this District that have applied Section 1226(a) and ruled in favor of the petitioner in circumstances similar to this case, where petitioner was detained while living in the United States and has a pending asylum application, (*see* Doc. 1 ¶¶ 1, 9).