```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHUANDONG HAN,                                              :
                                                            :
                              Petitioner,                   :
                                                            :
              -against-                                     :      25-CV-10753 (VSB)
                                                            :
KRISTI NOEM, in her official capacity as                    :            **ORDER**
Secretary, U.S. Department of Homeland                      :
Security; JUDITH ALMODOVAR, in her                          :
official capacity as Acting Field Office Director           :
of the New York Immigration and Customs                     :
Enforcement Office; AND PAMELA BONDI,                       :
in her official capacity as Attorney General,               :
U.S. Department of Justice,                                 :
                                                            :
                              Respondents.                  :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On January 14, 2026 at 11:00 a.m., I held an Order to Show Cause Hearing regarding Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Thurgood Marshall United States Courthouse, Courtroom 518, 40 Foley Square, New York, NY, 10007. At the hearing, I indicated that the parties should meet and confer to decide on a mutually agreeable timeline for the submissions of certain requested documents, and that the parties should submit this schedule to the Court for approval by January 16, 2026. Additionally, I stated that I would issue a short order memorializing the documentation that Petitioner and Respondents agreed to provide this Court. Accordingly, it is hereby ORDERED that:

- If they choose to do so, Petitioner's counsel may provide this Court with any supplemental documents or declaration regarding Petitioner's asylum application, including his credible fear interview, by January 23, 2026, or another reasonable date jointly agreed upon by the parties and approved by this Court. These documents may be submitted with redactions for any personally identifiable information or other sensitive information, pursuant to my Individual Rules &

- Practices in Civil Cases 5(B)(i). Unredacted copies of these documents shall be filed under seal;

- If they choose to do so, Petitioner's counsel may also provide this Court with any documentation or declaration regarding the typical percentage or number of asylum applications granted for individuals fleeing religious persecution from China, based on their professional experience working with other clients who have submitted similar defensive asylum applications. Petitioner's counsel, if they choose to provide this information, shall submit the relevant documents to this Court by January 23, 2026, or another reasonable date jointly agreed upon by the parties and approved by this Court.

- Respondents shall provide this Court with any documents or supporting declaration that provide information about Petitioner's credible fear interview by January 23, 2026, or another reasonable date jointly agreed upon by the parties and approved by this Court. These documents may be submitted with redactions for any personally identifiable information or other sensitive information, pursuant to my Individual Rules & Practices in Civil Cases 5(B)(i). Unredacted copies of these documents shall be filed under seal. Moreover, if they are unable to provide this information in a timely fashion, Respondents shall notify the Court of the expected timeline and what documents they expect to provide the Court, since Petitioner has an interest in the expeditious resolution of this case.[1]

SO ORDERED.

Dated:     January 15, 2026
           New York, New York

---

[1] During the hearing, I also indicated an interest in confirming whether the People's Republic of China ("China") is currently willing to repatriate Chinese nationals from the United States and whether Immigration and Customs Enforcement ("ICE") has successfully been able to deport immigrants back to China. Upon further investigation, I have found multiple public sources that have confirmed that in the last year, the United States has been able to send at least some immigrants back to China. *See, e.g.*, Michael Martina, *China signals willingness to repatriate confirmed Chinese nationals from US*, REUTERS (Jan. 27, 2025), at https://www.reuters.com/world/china-signals-willingness-repatriate-confirmed-chinese-nationals-us-2025-01-27/; Claire Wang, *Fear grows among US's 390,000 undocumented Chinese immigrants: 'So many policies have changed,*' THE GUARDIAN (Mar. 18, 2025), at https://www.theguardian.com/us-news/2025/mar/18/chinese-undocumented-immigrants-trump-policies; Ana Ley & Hamed Aleaziz, *Immigration Officials Deport Queens 6-Year-Old and Father Who Fled China*, N.Y. TIMES (Dec. 19, 2025), at https://www.nytimes.com/2025/12/19/nyregion/child-father-deported-china-nyc.html. During the hearing, Respondents also represented that ICE has been able to deport at least some confirmed Chinese nationals back to China. Thus, I do not find a need for additional documentation on this particular issue.

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge